UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF NEW YORK

_____

ROBERT J. WALKER,

                                                            Plaintiff,

-against-

OFFICER TROOPER TYLER K. CARROZO, and

OFFICER TROOPER COREY RANNO,

Individually ,

                                                            Defendants.

_____

**PLAINTIFF'S REPLY STATEMENT OF UNDISPUTED MATERIAL FACTS UNDER LOCAL RULE 56.1 IN SUPPORT OF CROSS MOTION AND IN OPPOSTION OF DEFENDANTS' MOTION FOR SUMMARY JUDGMENT**
CIVIL ACTION No. :
21-cv-2975(KMK)

Plaintiff Robert J. Walker, (hereinafter Plaintiff), respectfully submits this statement pursuant to Rule 56.1 of the Local Civil Rules of the United States District Court for the Southern District of New York to set forth the material facts as to which Plaintiff contends there are not genuine issues to be tried, and that Plaintiff is entitled to partial summary judgment concerning Defendants, Tyler K. Carrozo, and Corey Ranno.

20. Disputes. Plaintiff failed to cite to any evidence to support the statement.

**RESPONSE: Disputed. Trooper Ranno admitted that he was aware that the criminal charges were dismissed against Plaintiff. And Plaintiff submitted Trooper Ranno's Deposition. Exhibit 1. p. 46.**

21. Disputed and Immaterial because Plaintiff does not assert a Fourth Amendment claim concerning the search and the fruit of the poisonous tree doctrine does not apply to his false arrest and malicious prosecution. The evidence cited does not support the statement. Defendants had founded suspicion that criminal activity was afoot after speaking to Plaintiff and the driver of the vehicle.

**RESPONSE**: **Disputed. First, the Court should remind Defendants that the statement of material facts is not the proper avenue to make legal arguments. It is just about facts that are agreed upon or denied. In any event, during a conference with the Judge in this matter, this Court inquired about the illegal conducts of the officer. This is not about suppressing evidence based upon the fruit of the poisonous tree but rather about the bad faith used by the officers. In Plaintiff's brief, it is well explained that the officers needed reasonable suspicion but they rather used "founded suspicion." Trooper Ranno testified that at the time of the traffic stop, Plaintiff was not suspected of committing any crime, and had not committed any crime but was just a passenger in car. Further a passenger in a car has no obligation to speak to the officer. Ranno Dep. at 43. To search Plaintiff, Trooper Ranno used founded suspicion, which is level two within <u>Debour</u> Laws. <u>Id</u>. at 44. Trooper testified that he asked Plaintiff to exit the vehicle because he had founded suspicion . <u>Id</u>. at 60. This is bad faith.**

22. Disputed and Immaterial because Plaintiff does not assert a Fourth Amendment claim concerning the search and the fruit of the poisonous tree doctrine does not apply to his false arrest and malicious prosecution. The evidence cited does not support the statement. Defendants had founded suspicion that criminal activity was afoot.

**RESPONSE**: **Disputed. First, the Court should remind Defendants that the statement of material facts is not the proper avenue to make legal arguments. It is just about facts that are agreed upon or denied. In any event, during a conference with the Judge in this matter, this Court inquired about the illegal conducts of the officer. This is not about suppressing evidence based upon the fruit of the poisonous tree but rather about the bad faith used by the officers. In Plaintiff's brief, it is well explained that the officers needed reasonable suspicion but they rather used "founded suspicion." Trooper Ranno testified that at the time of the traffic stop, Plaintiff was not suspected of committing any crime, and had not committed any crime but was just a passenger in car. Further a passenger in a car has no obligation to speak to the officer. Ranno Dep. at 43. To search Plaintiff, Trooper Ranno used founded suspicion, which is level two within <u>Debour</u> Laws. <u>Id</u>. at**

**44. Trooper testified that he asked Plaintiff to exit the vehicle because he had founded suspicion .**
**Id. at 60. This is bad faith.**

26. This was one of the facts that Trooper Ramo considered.Trooper Ranno also considered a number

of the other factors in finding founded suspicion that there was a criminal activity afoot.

**RESPONSE: Disputed. No matter the remaining factors that the Trooper Ranno considered, it**

**did not rise and still does not rise to level of reasonable suspicion. Trooper Ranno testified that at**

**the time of the traffic stop, Plaintiff was not suspected of committing any crime, and had not**

**committed any crime but was just a passenger in car. Further a passenger in a car has no**

**obligation to speak to the officer. Ranno Dep. at 43. To search Plaintiff, Trooper Ranno used**

**founded suspicion, which is level two within <u>Debour</u> Laws. <u>Id</u>. at 44. Trooper testified that he**

**asked Plaintiff to exit the vehicle because he had founded suspicion . <u>Id</u>. at 60. This is bad faith.**

27. Disputed. However, Trooper Carrozzo did not hear what Plaintiff said to Trooper Ranno  when

Trooper Ranno first approached Plaintiff by the passenger side of the vehicle.

**RESPONSE. Disputed. Trooper Carrozo did not hear any of the conversation between Plaintiff**

**and Trooper Ranno. Trooper Carrozo did not hear Plaintiff give consent to search his person.**

**Trooper Carrozo based his report on that of Trooper Ranno. From where Trooper Carrozzo was**

**standing with the driver, he could not hear the conversation between Trooper Ranno, and**

**Plaintiff. <u>Carrozzo Deposition</u>.at 30. Trooper Carrozo testified that Trooper Ranno informed him**

**that he had founded suspicion that there was a criminal activity afoot at that time when Plaintiff**

**and the driver's statements did not match. <u>Id</u>.at 33-34. Trooper Carrozo never heard Plaintiff**

**make any statement to Trooper Ranno. <u>Id</u>.at 36.**

28. Undisputed and Immaterial because Plaintiff does not assert a Fourth Amendment claim concerning

the search and the fruit of the poisonous tree doctrine does not apply to his false arrest and malicious

prosecution.

**RESPONSE**. **Disputed as to the legal argument. As stated, this is not a a place for legal but for factual allegations whether admitted or denied. In any event, this allegation shows the bad faith of the troopers which is tantamount to illegal conduct that this Court spoke about. Plaintiff is making an argument of bad faith, which makes is a bar to the presence of probable cause. Absence of Fourth Amendment claim concerning search does not shield the presence of illegal and bad faith conduct. Trooper Carrozzo states that he is familiar with Debour laws with the police citizen encounters. Trooper Carrozzo Deposition.at 40-42. Trooper Carrozzo testified that he knew a passenger in car was not free to leave according to the law. Id.at 43. Trooper Carrozzo testified that when a car is pulled over, the officers use level one of Debour, and not level three which is the reasonable suspicion level. Id.at 45. Trooper Carrozzo made his report after speaking to Trooper Ranno. Id.at 48-49.**

29. Disputed. Trooper Carrozzo knew that a passenger a passenger in a car that was stopped for vehicle and traffic law violation was not free to leave until the police were done with the traffic stop.

**RESPONSE: Undisputed. However, if the passenger is not free to leave, then the standard is reasonable suspicion and not founded suspicion. Trooper Carrozzo testified that when a car is pulled over, the officers use level one of Debour, and not level three which is the reasonable suspicion level. Trooper Carrozzo Deposition.at 45. This is where the bad faith of the officers stemmed from.**

30. Disputed and Immaterial because Plaintiff does not assert a Fourth Amendment claim concerning the search and the the fruit of the poisonous tree does not apply to his false arrest and malicious prosecution claims. The evidence cited does not support the statement. Defendants asked to search Plaintiff after founded suspicion that criminal activity was afoot, which is the level three of Debour.

**RESPONSE: Disputed. Founded suspicion is not the level three of Debour but rather the level two. Level three is reasonable suspicion and level four is probable cause. The standard is reasonable suspicion and not founded suspicion. Trooper Carrozzo testified that when a car is**

4

**pulled over, the officers use level one of <u>Debour</u>, and not level three which is the reasonable suspicion level. Trooper Carrozzo Deposition.at 45. This is where the bad faith of the officers stemmed from. Defendants keep making legal arguments in the statement of facts, and still do not get it right that founded suspicion is the level two. The Defendants asked this Honorable Court to ignore all their illegal conduct just because Plaintiff did not claim unlawful search under the Fourth Amendment.**

36. Disputed. The evidence cited does not support the statement. Defendants recovered heroin in Plaintiff's person after Plaintiff's vehicle was stopped.

**RESPONSE: Disputed. The heroin was recovered, after the vehicle was stopped, Plaintiff searched unlawfully, pepper sprayed beat up severely by both officers. Exhibit A. Pl. Dep. at 74-101. Ranno Deposition at 81-112.**

DATED : Wappingers Falls, New York

September 2, 2022

Respectfully Submitted,

RYANNE KONAN LAW OFFICE & LEGAL SERVICES

TO: <u>**Via ECF**</u>

By:\_\_\_\_\_/s/_____
     Ryanne Konan, Esq.(RK2889)
Amanda Yoon                        *Attorney for Plaintiff*
Assistant Attorney General         4 Marshall Road, Suite 107
28 Liberty Street-18th Fl    Wappingers Falls, NY 12590
New York, New York 10005           Tel.: (888) 536-1434
(212)416-8606                      Fax: (845)231-0508
Amanda.yoon@ag.ny.gov              konanlawoffice@gmail.com